# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEENAN KESTER COFIELD, #12249-074 | * | |
| Petitioner | * | Civil Action No. MJG-12-1029 (Criminal No. MJG-04-0099) |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

## MEMORANDUM

Pending is Keenan Kester Cofield's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, challenging his conviction for conspiracy theft based on a "new Supreme Ct decision on effective counsel plea process" (ECF No. 228, at 1).[1] The Court will dismiss the Motion without prejudice for lack of jurisdiction for reasons to follow.

Cofield was convicted on a plea of guilty to conspiring to utter forged Treasury checks on November 9, 2004. On May 5, 2005, he filed a Motion to Vacate his conviction pursuant to 28 U.S.C. § 2255 which was denied on July 19, 2006. *See Cofield v. United States*, Civil Action No. MJG-06-881 (D. Md.). Cofield appealed the denial to the United States Court of Appeals for the Fourth Circuit which dismissed the appeal. *See United States v. Cofield*, CA4 06-7376 (November 22, 2006). The instant § 2255 motion is therefore successive.

---

[1] Cofield, who is self-represented in this proceeding, is collaterally challenging his underlying conviction. On October 26, 2011, this Court revoked Cofield's supervised release after Cofield admitted during a hearing of violating the terms of his supervised release (ECF Nos. 202, 203 and 223). Cofield has appealed the decision to the United States Court of Appeals for the Fourth Circuit where it is under review. *See United States v. Keenan Kester Cofield*, CA No. 11-5062. A collateral challenge to the revocation of his supervised release is neither presented here nor would it be ripe for consideration in light of the pending appeal. Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending. *See* Rules Governing § 2255 Proceedings, Rule 5, advisory committee note; *see also United States v. Gordon*, 634 F.2d 638, 638-39 (1st Cir.1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir.1979).

Second or successive motions under § 2255 may not be filed absent leave to do so from the Court of Appeals. *See* 28 U.S.C. §§ 2244 (b) (3) (A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Since Cofield does not indicate whether he has complied with the procedural requirements for a second or successive § 2255 motion, the Motion will be dismissed without prejudice for lack of jurisdiction.

Pursuant to Rule 11(a) of the "Rules Governing Proceedings Under 28 U.S.C. § 2255," this Court is required to issue or deny a Certificate of Appealability (COA) when it enters a final order adverse to the Petitioner. A COA is a "jurisdictional prerequisite" to an appeal from the Court's earlier order, *see United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007), which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2). Cofield does not satisfy this standard and a COA shall be denied. A separate Order follows.

  4/17/12                                           _____/s/_____
Date                                                Marvin J. Garbis
                                                    Senior United States District Judge